FILED
Sept 20 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or
NORTHERN DISTRIC
OAKLAND DIVISION

## OFFENSE CHARGED

18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments
18 U.S.C. § 1956(a)(3)(B) – Laundering of Monetary Instruments
21 U.S.C. § 982(a)(1) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Maximum Penalties: 20 years in prison; $5 million fine or twice the amount involved in the offense; minimum 3 years of supervised release;; $100 special assessment per count; and forfeiture

## DEFENDANT - U.S

FELIPE DE JESUS ORNELAS MORA

DISTRICT COURT NUMBER

CR22-361JSW

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

IRS - Criminal Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

22-mj-71160mag

Name and Office of Person Furnishing Information on this form: STEPHANIE M. HINDS

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Pastor

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year 08/31/2022

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: Before Judge:

Comments:

FILED
Sept 20, 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION -

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Cou[rt]
NORTHERN D[ISTRICT]
OAKLAND DIVISI[ON]

## OFFENSE CHARGED

18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments
18 U.S.C. § 1956(a)(3)(B) – Laundering of Monetary Instruments
18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification
21 U.S.C. § 982(a)(1) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Maximum Penalties: 20 years in prison; $5 million fine or twice the amount involved in the offense; minimum 3 years of supervised release; $100 special assessment per count; and forfeiture

## DEFENDANT - U.S

GRISELDA CANCELADA LICEAGA

DISTRICT COURT NUMBER

CR22-361JSW

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

IRS - Criminal Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

22-mj-71156mag

Name and Office of Person Furnishing Information on this form: STEPHANIE M. HINDS

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Pastor

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year 08/31/2022

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

FILED
Sept 20 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Court, a
NORTHERN DIS
OAKLAND DIVISION

## OFFENSE CHARGED

18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments
18 U.S.C. § 1956(a)(3)(B) – Laundering of Monetary Instruments
18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification
21 U.S.C. § 982(a)(1) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Maximum Penalties: 20 years in prison; $5 million fine or twice the amount involved in the offense; minimum 3 years of supervised release; $100 special assessment per count; and forfeiture

## DEFENDANT - U.S

VERONICA JOSELYNE MORA

DISTRICT COURT NUMBER
CR22-361JSW

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
IRS - Criminal Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.
22-mj-71156mag

Name and Office of Person Furnishing Information on this form: STEPHANIE M. HINDS
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Pastor

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year 08/31/2022

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

FILED
Sept 20 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/
NORTHERN DISTR
OAKLAND DIVISION

## OFFENSE CHARGED

18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments
18 U.S.C. § 1956(a)(3)(B) – Laundering of Monetary Instruments
18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification
21 U.S.C. § 982(a)(1) – Forfeiture Allegation

☐ Petty ☐ Minor ☐ Misde-meanor ☒ Felony

PENALTY: Maximum Penalties: 20 years in prison; $5 million fine or twice the amount involved in the offense; minimum 3 years of supervised release; $100 special assessment per count; and forfeiture

## DEFENDANT - U.S

YOSELIN PEREZ RAMIREZ

DISTRICT COURT NUMBER

CR22-361JSW

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

IRS - Criminal Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under: 22-mj-71156mag

Name and Office of Person Furnishing Information on this form: STEPHANIE M. HINDS

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Pastor

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year 08/31/2022

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

FILED
Sep 20 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

VENUE: OAKLAND

UNITED STATES OF AMERICA,

V.

CR22-361JSW

FELIPE DE JESUS ORNELAS MORA,
GRISELDA CANCELADA LICEAGA,
VERONICA JOSELYNE MORA, and
YOSELIN PEREZ RAMIREZ

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments
18 U.S.C. § 1956(a)(3)(B) – Laundering of Monetary Instruments
18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification
21 U.S.C. § 982(a)(1) – Forfeiture Allegation

A true bill.

*/s/* Foreperson of the Grand Jury

Foreman

Filed in open court this __20th__

day of __September, 2022_.

Karen L. Hom

Clerk

Alex G. Tse, United States Magistrate Judge

Bail, $ __No Process___

FILED

Sep 20 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

FELIPE DE JESUS ORNELAS MORA, GRISELDA CANCELADA LICEAGA, VERONICA JOSELYNE MORA, and YOSELIN PEREZ RAMIREZ,

Defendants.

No. CR22-361JSW

VIOLATIONS:
18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments;
18 U.S.C. § 1956(a)(3)(B) – Laundering of Monetary Instruments;
18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification;
18 U.S.C. § 982(a)(1), (b)(1) – Forfeiture Allegation

I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

1. Defendant FELIPE DE JESUS ORNELAS MORA ("ORNELAS") is the owner of Rincon Musical LLC ("Rincon Musical"), a money transmitter business located in Oakland, California. Rincon Musical is a local agent of national corporate Money Service Business 1 ("MSB-1").

2. Defendants VERONICA JOSELYNE MORA ("MORA") and YOSELIN PEREZ RAMIREZ ("RAMIREZ") worked as cashiers at Rincon Musical during the time period relevant to this Indictment.

3. Defendant GRISELDA CANCELADA LICEAGA ("LICEAGA") worked as a cashier at Rincon Musical until at least December 2020. She subsequently opened her own money transmitter business—America Latina—in Oakland, California.

4. As the owner of Rincon Musical, ORNELAS was responsible for ensuring ongoing

compliance of the business and its employees with all federal anti-money laundering laws and regulations and for ensuring that employees completed MSB-1's Anti-Money Laundering ("AML") training before employees conducted any money transfer activities and on an ongoing annual basis.

5. The AML Training completed by ORNELAS, LICEAGA, MORA, and RAMIREZ, informed trainees that money laundering is the process whereby dirty money—produced through criminal activity—is transformed into clean money, leaving the origin of the money difficult to trace.

6. Trainees were informed that money is laundered in order to conceal the source of funds that come from criminal activities, including drug trafficking, that generate large amounts of cash.

7. For wire transactions of $1,000 or more processed through MSB-1, trainees were instructed that MSB-1 required the customer to provide a Government ID (U.S. or foreign), date of birth, and the customer's occupation.

8. Trainees were also instructed that MSB-1 required local agent employees to file a suspicious activity report for suspicious transactions of $2,000 or more. Trainees were instructed that suspicious transactions included: a customer who indicates a desire to avoid reporting requirements; a customer who consistently makes cash transactions just under a reporting threshold amount in an apparent attempt to avoid the reporting threshold; and a customer whose stated occupation is not in keeping with the amount of the transactions.

9. Trainees were further instructed that under the Bank Secrecy Act, MSB local agents must verify customer ID for each money transfer of $3,000 or more and must record specific information about the transaction.

10. In addition, trainees were instructed that if they were asked to process suspicious transactions, they should ask "know your customer" questions to learn: (1) the purpose of the transaction, (2) the source of the funds, and (3) the customer's relationship with the beneficiary (i.e. the recipient).

11. MSB-1's AML Training also informed trainees that they should look out for "structuring"—designing a transaction to evade triggering a reporting or recordkeeping requirement. The Training informed trainees that structuring is a crime and must be reported by filing a suspicious activity report.

12. The Training provided specific examples of structuring, including breaking a large transaction into two or more smaller transactions to avoid reporting requirements.

13. In addition to emphasizing the trainees' obligation to report suspicious transactions they handled, the Training showed trainees how to report suspicious transactions within the MSB-1 software platform used to process transactions to permit further investigation by MSB-1's compliance team and provided an email address and telephone number that cashiers should use to contact the MSB-1 compliance team.

14. Despite completing the MSB-1 Training annually, ORNELAS, LICEAGA, MORA, and RAMIREZ, not only failed to report suspicious transactions but actively worked to structure suspicious transactions and to circumvent ID requirements for suspicious transactions on behalf of customers who did not want their names attached to the transactions.

COUNT ONE: (18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments)

Beginning on a date unknown but at least as early as August 31, 2020, and continuing to on or about August 31, 2022, in the Northern District of California, the defendants,

FELIPE DE JESUS ORNELAS MORA,
GRISELDA CANCELADA LICEAGA
VERONICA JOSELYNE MORA
YOSELIN PEREZ RAMIREZ

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances punishable under any law of the United States ("drug trafficking"), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances punishable under any law of the United States ("drug trafficking"), knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances punishable under any law of the United States ("drug trafficking"), from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(d) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances punishable under any law of the United States ("drug trafficking"), from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii);

**MANNER AND MEANS**

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

15. Defendants accepted large amounts of cash from certain unidentified customers at Rincon Musical. For customers bringing in large amounts of cash of over $1,000, and often over $3,000, Defendants did not obtain the customer's real name, require ID to be presented, or ask about the source of the funds, as Defendants had been trained to do in annual AML trainings required by MSB-1.

16. Defendants agreed to wire (through MSB-1's wire service and other MSB corporate wire services) amounts of over $3,000 to recipients in Mexico whose names and recipient information the unidentified customers provided.

17. Unidentified customers dropped off cash with Defendants at Rincon Musical. Defendants would later send MSB-1 wire transaction receipts to the unidentified customers in WhatsApp chats. The wire transaction receipts showed recipients in Mexico provided by the unidentified customers to Defendants and showed one of the Defendants, or at times another Rincon Musical employee, as the operator for the wire transaction. However, the receipts did not show the real names of the unidentified customer as the senders of the wires.

18. Instead, Defendants used the names of unsuspecting legitimate customers of MSB-1 as the sender for these wire transactions.

19. Defendants obtained the names and identification documents (such as California Driver's Licenses) of legitimate customers of MSB-1 from MSB-1's customer database. When processing these transactions, Defendants used a modified address and telephone number for these transactions — not the real address and telephone number that the legitimate customer previously used to conduct authorized wires.

20. Defendants also divided up large cash amounts of more than $3,000 into multiple wire transactions of less than $3,000 that were sent to high-risk drug trafficking areas in Mexico to avoid triggering federal reporting requirements under the Bank Secrecy Act (BSA) and additional scrutiny that Defendants knew that MSB-1 gave to wire transactions of more than $3,000.

21. In exchange for conducting large wire transactions for unidentified customers who

brought in cash, Defendants charged an unrecorded "fee" in addition to the standard transaction fee they charged for MSB-1 wire transfers (which appeared on wire transaction receipts) in violation of the AML policies of MSB-1 to which the Defendants had agreed to adhere.

22. One example illustrating the above-described method and means of the money laundering conspiracy occurred on April 21, 2022 when federal agents sent a Confidential Witness ("CW2") into Rincon Musical with cash that CW2 was instructed to send by wire transfer to eight recipients in Mexico.

a) CW2 took in $22,000 cash in a brown paper bag, inside a plastic bag. The $22,000 consisted of $17,000 in $20 bills and $5,000 in $100 bills bundled in $1,000 increments.

b) CW2 gave RAMIREZ a piece of paper with the eight recipients' names, cities, and states in Mexico.

c) RAMIREZ processed eight wire transactions in amounts of between $2,000 and $3,000—totaling $20,000.

d) RAMIREZ charged CW2 a recorded wire transaction fee and an additional unrecorded fee for each wire transaction. RAMIREZ asked for CW2's first name and telephone number so that she could text CW2 the receipts later.

e) RAMIREZ texted CW2 six wire receipts that evening. CW2 received two wire receipts the next morning. Four of the wire receipts showed transactions processed by "Yoselin K. Four wire transactions were processed by "Veronica M".

f) The receipts show the wire recipients as the eight people whose names CW2 provided. The receipts showed the supposed senders of the wires to be people other than CW2, RAMIREZ, or the recipient names provided by CW2.

g) RAMIREZ and MORA used six California Driver's Licenses and two Mexican Consular ID Cards that were not provided by CW2 to satisfy the ID requirements for the wires.

h) RAMIREZ and MORA used an incorrect address and telephone number for these unauthorized transactions — not the real address and telephone number of the sender that was previously used by the sender to conduct authorized wires.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO: (18 U.S.C. § 1956(a)(3)(B) – Laundering Monetary Instruments)

On or about April 21, 2022, in the Northern District of California, the defendants,

VERONICA JOSELYNE MORA, and
YOSELIN PEREZ RAMIREZ,

with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under Federal law, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances punishable under any law of the United States ("drug trafficking"), did knowingly conduct a financial transaction, affecting interstate and foreign commerce, involving property represented by a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, namely, the wire transfer of $20,000, delivered in cash, plus the acceptance of fees, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

COUNT THREE: (18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification)

On or about September 9, 2021 in the Northern District of California, the defendant,

VERONICA JOSELYNE MORA,

did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name and California Driver's License of Z.B., knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, laundering of monetary instruments in violation of 18 U.S.C. § 1956, and the offense involved the transfer of an identification document, authentication feature, or false identification document that is or appears to be (i) an identification document or authentication feature issued by or under the authority of the United States; or (ii) a birth certificate, or a driver's license or personal identification card.

All in violation of Title 18 United States Code, Sections 1028(a)(7) and 1028(b)(1)(A).

\\

\\

\\

COUNT FOUR: (18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification)

On or about September 13, 2021 in the Northern District of California, the defendant,

GRICELDA CANCELADA LICEAGA,

did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name and California Driver's License of Z.B., knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, laundering of monetary instruments in violation of 18 U.S.C. § 1956, and the offense involved the transfer of an identification document, authentication feature, or false identification document that is or appears to be (i) an identification document or authentication feature issued by or under the authority of the United States; or (ii) a birth certificate, or a driver's license or personal identification card.

All in violation of Title 18 United States Code, Sections 1028(a)(7) and 1028(b)(1)(A).

COUNT FIVE: (18 U.S.C. § 1028(a)(7) – Unlawful Use of Another Person's Means of Identification)

On or about November 3, 2021 in the Northern District of California, the defendant,

YOSELIN PEREZ RAMIREZ,

did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name and California Driver's License of Z.B., knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, laundering of monetary instruments in violation of 18 U.S.C. § 1956, and the offense involved the transfer of an identification document, authentication feature, or false identification document that is or appears to be (i) an identification document or authentication feature issued by or under the authority of the United States; or (ii) a birth certificate, or a driver's license or personal identification card.

All in violation of Title 18 United States Code, Sections 1028(a)(7) and 1028(b)(1)(A).

\\

\\

<u>FORFEITURE ALLEGATION</u>: (18 U.S.C. § 982(a)(1))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

Upon conviction for the offenses set forth in Count One and Count Two of this Indictment, the defendants,

FELIPE DE JESUS ORNELAS MORA,
GRISELDA CANCELADA LICEAGA,
VERONICA JOSELYNE MORA,
YOSELIN PEREZ RAMIREZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in said violations, or any property traceable to such property, including, but not limited to, a forfeiture money judgment.

Upon conviction of the offense charged in Counts Three, Four, and Five of this Indictment, the defendants,

GRISELDA CANCELADA LICEAGA,
VERONICA JOSELYNE MORA, and
YOSELIN PEREZ RAMIREZ,

shall forfeit to the United States pursuant to Title 18, United States Code Sections 1028(b)(5) and Section 982(a)(2)(B), any property constituting or derived from proceeds the defendant obtained, directly or indirectly, as the result of such violation and any personal property used or intended to be used to commit, or facilitate the commission, of the offense, including, but not limited to, a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1), 982(b)(1), 982(b)(2), and Federal Rule of Criminal Procedure 32.2.

DATED: September 20, 2022

A TRUE BILL.

_*/s/*_____________________
FOREPERSON

STEPHANIE M. HINDS
United States Attorney

__*/s/ Daniel Pastor*____________
DANIEL PASTOR
Assistant United States Attorney